UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJONTE LEE JOHNSON,<br><br>            Petitioner,<br><br>     v.<br><br>ON HABEAS CORPUS,<br><br>            Respondent. | Case No.  1:17-cv-01685-MJS (HC)<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN MATTER TO A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES**<br><br>**(ECF No. 1)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Petitioner is detained at the Fresno County Jail awaiting sentencing following a jury trial that resulted in an April 25, 2017 conviction for first degree murder with various enhancements. (ECF No. 1.) He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging alleged constitutional defects that occurred during trial in the Fresno County Superior Court. It appears his conviction is not yet final. He has not filed an appeal.

It appearing that Petitioner failed to exhaust state remedies before bringing this petition, the undersigned ordered Petitioner to show cause why the action should not be

1  dismissed. (ECF No. 4.) Petitioner did not respond and the time for doing so has passed.

2  Accordingly, the undersigned will recommend dismissal of the action.

3  **I.      Exhaustion Requirement**

4        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a

5  preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

6  petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to

7  relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d

8  490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the

9  petition.  Rule 5 of the Rules Governing § 2254 Cases.

10       A petitioner who is in state custody and wishes to collaterally challenge his

11  conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.

12  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

13  and gives the state court the initial opportunity to correct the state's alleged constitutional

14  deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

15  509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

16       A petitioner can satisfy the exhaustion requirement by providing the highest state

17  court with a full and fair opportunity to consider each claim before presenting it to the

18  federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

19  270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will

20  find that the highest state court was given a full and fair opportunity to hear a claim if the

21  petitioner has presented the highest state court with the claim's factual and legal basis.

22  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)

23  (factual basis).

24       Additionally, the petitioner must have specifically told the state court that he was

25  raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,

26  232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195

27  F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In

28

Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner was afforded the opportunity to provide additional information in this regard, but failed to do so. Because the claims have not been presented to the state's highest court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## II.    Recommendation

It is HEREBY RECOMMENDED that the petition be dismissed without prejudice for failure to exhaust state remedies.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 29, 2018          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE